UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RENEE TERESA GOELLNER-GRANT, ) <br> KYLE D. GRANT and ALEXANDER ) <br> GOELLNER ) <br> ) <br> Plaintiffs. ) <br> ) <br> VS. ) <br> ) <br> JLG INDUSTRIES, INC. and ) <br> BLUELINE RENTAL, LLC ) <br> ) <br> Defendants. ) | Cause No. 4:18-cv-342-SNLJ |

**DEFENDANT JLG INDUSTRIES, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant JLG Industries, Inc. ("JLG") provides the following memorandum in support of its motion to dismiss for lack of personal jurisdiction and would respectfully show the Court the following:

**Summary of the Argument**

Plaintiffs have not and cannot establish a *prima facie* case that JLG is subject to the jurisdiction of a court in Missouri. General jurisdiction over JLG does not exist because JLG is not incorporated in Missouri, does not have its principal place of business in Missouri, and does not have such continuous and systematic contacts with Missouri to render it "essentially at home" in Missouri. Specific jurisdiction over JLG does not exist because none of JLG's alleged conduct arises from or relates to any contacts with Missouri. As such, this Court should dismiss Plaintiffs' First Amended Complaint against JLG for lack of personal jurisdiction.

**Factual Background**

Plaintiffs allege that on April 30, 2015, Randall Lee Grant was using a JLG E450AJ lift to replace light bulbs in a parking garage of the West County Center when he became pinned between the ceiling of the parking garage and the lift.  *See* Plaintiffs' First Amended Complaint, ¶ 12.  The JLG lift referenced by Plaintiffs has been identified as a 2002 E450AJ bearing the serial number 0300066578 ("the Lift").  *See* Exhibit A, Affidavit of Brent M. Hoover, ¶ 5.  Plaintiffs allege that this Court has jurisdiction over JLG based on Missouri's long-arm statute because JLG transacted business within Missouri, committed a tort within Missouri, availed itself of business opportunities in Missouri, advertised the availability of parts, services, and information within Missouri, shipped parts, products, and literature into Missouri, and received money from businesses and individuals within Missouri.  *See* Plaintiffs' First Amended Complaint, ¶ 8.

JLG is a corporation organized under the laws of Pennsylvania with its principal place of business in McConnellsburg, Pennsylvania.  *See* Exhibit A, ¶ 2.  JLG is not an entity registered to do business with the Missouri Secretary of State.  *See* Exhibit A, ¶ 3.  JLG has no manufacturing or sales facilities in Missouri, does not own or lease any real property in Missouri, does not have a Missouri address or telephone number, does not pay Missouri taxes, has no bank accounts in Missouri, and has no employees who work in Missouri.  *See* Exhibit A, ¶ 4.

JLG did not ship the Lift to a company in Missouri.  *See* Exhibit A, ¶ 6.  JLG sold the Lift on or about April 23, 2002, to Midwest Aerials & Equip., Inc., 3357 Brinkerhoff, Kansas City, Kansas 66115.  *See* Exhibit A, ¶ 6.  The first delivery warranty registration for the Lift was returned by Midwest Aerials & Equip., Inc., 3357 Brinkerhoff, Kansas City, Kansas 66115.  *See* Exhibit A, ¶ 7.  JLG played no role in the transfer of the Lift from its original owner or from its original location during the thirteen years that passed between the April 23, 2002, shipment of the Lift to

Midwest Aerials & Equip., Inc. and the April 30, 2015 incident in Des Peres, Missouri. *See* Exhibit A, ¶ 8.

### Legal Argument and Authorities

**A. This Court does not have personal jurisdiction over JLG**

It has long been established that the Due Process Clause of the Fourteenth Amendment limits the personal jurisdiction of state courts over non-resident defendants. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S.Ct. 1773, 1779 (2017) (*citing Daimler AG v. Bauman,* 571 U.S. 117, 124–31, 134 S.Ct. 746, 753–57 (2014)); *International Shoe Co. v. Washington,* 326 U.S. 310, 316–317, 66 S.Ct. 154 (1945). To have personal jurisdiction over a non-resident defendant, the defendant must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 310.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Creative Calling Sols., Inc. v. LF Beauty Ltd*., 799 F.3d 975, 979 (8th Cir. 2015) (quoting *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011)) (internal quotation marks omitted). "The evidence must be viewed in a light most favorable to the plaintiff; however, the burden does not shift to the party challenging jurisdiction." *Fastpath, Inc. v. Arbela Techs. Corp*., 760 F.3d 816, 820 (8th Cir. 2014).

Personal jurisdiction may be either general or specific. *Bristol-Myers*, 137 S.Ct. at 1780. General jurisdiction exists when a defendant's contacts with the forum state are so continuous and systematic as to render it essentially "at home" in the forum state. *Daimler,* 571 U.S at 136–38. Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a

defendant's contact within the forum state. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994).

### 1. General jurisdiction over JLG does not exist because JLG does not have sufficient continuous and systematic contacts with Missouri

"The Due Process Clause permits the exercise of general jurisdiction to hear 'any and all claims against' a defendant if its 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quoting *Daimler*, 571 U.S. at 139); *see also Mitchell v. Eli Lilly & Co.*, 159 F. Supp. 3d 967, 973 (E.D. Mo. 2016). "Continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Daimler*, 571 U.S. at 132. As noted by the Supreme Court, to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping." *Id.* at 138 (quotation marks and citation omitted). "The general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts;" rather, it "calls for an appraisal of a corporation's activities in their entirety." *Id.* at 139, n. 20 (internal quotation marks and citation omitted). "A corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* "Only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that State." *Bristol-Myers*, 137 S. Ct. at 1780 (*quoting Daimler*, 134 S.Ct. at 760). Moreover, "the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Mitchell v. Eli Lilly and Co.*, 159 F.Supp. 3d 967, 973 (E.D. Mo. 2016) (citing *Daimler*, 517 U.S. at 137).

JLG is not incorporated in the state of Missouri; nor does it maintain its principal place of business in Missouri. *See* Exhibit A, ¶ 2. Additionally, JLG is not registered with the Missouri Secretary of State. *See* Exhibit A, ¶ 3. Moreover, JLG has no manufacturing or sales facilities in

4

Missouri, does not own or lease any real property in Missouri, does not have a Missouri address or telephone number, does not pay Missouri taxes, has no bank accounts in Missouri, and has no employees who work in Missouri. *See* Exhibit A, ¶ 4.  As such, general jurisdiction over JLG does not exist. *See Daimler,* 517 U.S. 117 (concluding that the sale of products in the forum state does not create such continuous and systematic contacts as to support general jurisdiction); *see also, BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017) (concluding that having 2,000 miles of railroad and more than 2,000 employees in the forum state does not create such continuous and systematic contacts as to support general jurisdiction). Accordingly, Plaintiff's jurisdictional allegations, even if proven true, cannot meet the threshold requirements to support this Court's exercise of general jurisdiction over JLG.

> 2. *Specific jurisdiction over JLG does not exist because Plaintiffs' claims do not arise from or relate to JLG's contacts with Missouri*

Specific jurisdiction refers to jurisdiction over causes of action arising from or relating to a defendant's actions within the forum state. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994). In other words, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1780 (internal citation omitted).

A court sitting in diversity may exercise specific jurisdiction only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment. *Dairy Farmers of America, Inc. v. Bassett & Walker Int'l, Inc*., 702 F.3d 472, 475 (8th Cir. 2012).  The two requirements essentially collapse into one, as Missouri interprets its long-arm statute in accordance with the limits permitted under the Due Process Clause.  *Regal Beloit Am., Inc. v. Broad Ocean Motor LLC*, 4:16-CV-00111-JCH, 2016 WL 3549624, at *2 (E.D. Mo. June 30, 2016) (*citing State ex rel. K-Mart Corp. v. Hollinger*, 986 S.W.2d 165, 168 (Mo. banc.

5

1999)). Missouri's long-arm statute authorizes specific jurisdiction over defendants who, among other things, transact business or commit a tort within the State. *See* Mo. Rev. Stat. § 506.500. "Only causes of action arising from acts enumerated in [the statute] may be asserted against a defendant in an action in which jurisdiction over him is based upon" the long-arm statute. Mo. Rev. Stat. § 506.500.3.

The recent Supreme Court decision in *Bristol-Myers* reinforced the long-standing requirement that a plaintiff's claims must "arise out of or result from" the defendant's conduct in order for specific jurisdiction to be found, even if the evidence reveals that the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state. In *Bristol-Myers*, the defendant "purposefully availed" itself of the benefits of the forum state and its pharmaceutical market by employing over 400 people in the forum state, maintaining half a dozen research facilities in the forum state, contracting with a distributor based in the forum state, and selling nearly $1 billion of the product at issue in the forum state; however, the Supreme Court held that the defendant was not subject to specific jurisdiction because there was not an "adequate link" between the forum state and the plaintiffs' claims, who were not residents of the forum state. 137 S. Ct. at 1776-78 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue").

JLG is not subject to specific jurisdiction in Missouri because Plaintiffs' claims against it do not arise from or relate to JLG's actions within Missouri. Here, Plaintiffs allege that this Court has jurisdiction over JLG based on Missouri's long-arm statute because JLG transacted business within Missouri and/or committed a tort within Missouri.[1]  *See* Plaintiffs' Complaint, ¶ 9.

---

[1] Plaintiffs also allege jurisdiction under the long-arm statute because JLG availed itself of business opportunities in Missouri, advertised the availability of parts, services, and information within Missouri, shipped parts, products, and literature into Missouri, and received money from businesses and individuals within Missouri. *See* Plaintiffs' Complaint, ¶ 8. However, Missouri's long-arm statute does not specifically enumerate categories for availing of

6

However, JLG did not ship the Lift to a company in Missouri. *See* Exhibit A, ¶ 6. JLG shipped the Lift to Midwest Aerials & Equip., Inc., 3357 Brinkerhoff, Kansas City, Kansas 66115. *See* Exhibit A, ¶ 6. The first delivery warranty registration for the Lift was returned by Midwest Aerials & Equip., Inc., 3357 Brinkerhoff, Kansas City, Kansas 66115. *See* Exhibit A, ¶ 7. Moreover, JLG had no control over the Lift after it sold and shipped it, and JLG played no role in the transfer of the Lift from Kansas to Missouri. *See* Exhibit A, ¶ 8. Therefore, the presence of the Lift in Missouri was due to events that were "random, fortuitous, or attenuated contact, or by the unilateral activity of another party or third person." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183 (1985). Because Plaintiffs' claims do not arise from or relate to any action of JLG committed in Missouri, specific jurisdiction does not exist. Accordingly, this Court should dismiss Plaintiffs' claims against JLG.

**B. The Court's exercise of jurisdiction violates traditional notions of fair play and substantial justice**

Because JLG does not have sufficient minimum contacts with Missouri, this Court's exercise of jurisdiction over JLG would offend traditional notions of fair play and substantial justice.

If a defendant purposefully established minimum contacts with the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice. *International Shoe,* 326 U.S., at 320, 66 S.Ct. at 160. Thus, in appropriate cases, courts may evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution

---

business opportunities, advertising, shipping products/parts, or receiving money from businesses. *See* Mo. Rev. Stat. § 506.500.

7

of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. *Burger King*, 471 U.S. at 476–77, 105 S.Ct. 2174. "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required."

In *Bristol-Myers*, the Supreme Court noted that the "primary concern in determining personal jurisdiction is the burden on the defendant." 137 S.Ct. at 1780 (internal quotation marks and citation omitted). "[R]estrictions on personal jurisdiction are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States." *Id*. (internal quotation marks and citation omitted). "[T]he States retain many essential attributes of sovereignty, including, in particular, the sovereign power to try causes in their courts." *Id*. "The sovereignty of each State . . . implie[s] a limitation on the sovereignty of all its sister States." *Id*. "And at times, this federalism interest may be decisive. *Id*. "Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *Id*.

As previously noted, JLG is a Pennsylvania corporation with its principal place of business in Pennsylvania. JLG shipped the Lift to Kansas and had no control over the location of the Lift after its shipment on April 23, 2002. Under these facts, it would offend traditional notions of fair play and justice to exercise jurisdiction over JLG. As such, this Court should dismiss Plaintiffs' First Amended Complaint against JLG.

## **CONCLUSION**

This Court should grant Defendant JLG Industries, Inc.'s motion to dismiss for lack of personal jurisdiction and dismiss all of Plaintiffs' claims against it.

Respectfully Submitted,

*/s/ Corey L. Kraushaar*
Corey L. Kraushaar, #6281922
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, MO 63101
(314) 421-3400 Telephone
(314) 421-3128 Facsimile
ckraushaar@bjpc.com

and

Kyle M. Rowley, T.A., *pending admission pro hac vice*
Giorgio Caflisch, *pending admission pro hac vice*
Mary London Fuller, *pending admission pro hac vice*
Sheehy, Ware & Pappas, P.C.
909 Fannin Street, Suite 2500
Houston, Texas 77010
Phone: (713) 951-1000
Fax:  (713) 951-1199
krowley@sheehyware.com
gcaflisch@sheehyware.com
mfuller@sheehyware.com

**ATTORNEYS FOR DEFENDANT
JLG INDUSTRIES, INC.**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 11th day of May, 2018, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served upon all counsel of record via the court's electronic filing system.

John G. Simon, MO #35231
Anthony R. Friedman, MO # 65531
THE SIMON LAW FIRM, P.C.
800 Market Street, Suite 1700
St. Louis, MO 63101
jsimon@simonlaw.com
afriedman@simonlaw.com

Daniel T. Ryan, MO# 38744
THE LAW OFFICES OF DANIEL T. RYAN, LLC
3008 Sutton Blvd., Suite 100
Maplewood, MO 63143
dan@danryanlawoffice.com

John F. Mahon
Terrence J. O'Toole, Jr.
WILLIAMS, VENKER & SANDERS LLC
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
jmahon@wvslaw.com
totoole@wvslaw.com

                                                    */s/ Corey L. Kraushaar*

3096698