UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RENEE GOELLNER- GRANT, et al., )
)
    **Plaintiffs,** )
)
                           **vs.** )      Case No. 4:18CV342 SNLJ
)
**JLG INDUSTRIES, INC., et al.,** )
)
    **Defendants.** )

**MEMORANDUM and ORDER**

Plaintiffs brought this personal injury lawsuit against defendant JLG Industries, Inc. ("JLG"). Defendant JLG has moved to dismiss based on lack of personal jurisdiction(#28). The motion is fully briefed and ready for disposition.

**I.    Background**

On April 30, 2015, plaintiffs' decedent, Randall Lee Grant, was using a JLG E450AJ lift to replace light bulbs in a parking garage when he became pinned between the ceiling of the garage and the lift. The lift was provided to decedent by his employer, ERMC III Property Management Co. ("ERMC"). ERMC had purchased the JLG lift to perform maintenance tasks. The decedent's injuries from the accident were fatal. Plaintiffs claim that JLG's lift was defective, and they filed a three-count complaint against JLG for products liability, failure to warn, and negligence.

JLG moves to dismiss because it contends that this Court lacks personal jurisdiction over it.

1

## II. Discussion

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; that is, the "plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

Personal jurisdiction may be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017) ("*BMS*"). The exercise of general jurisdiction over a corporation may take place where "the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.* Here, the parties appear to agree that because defendant JLG is a Pennsylvania corporation with its principal place of business in Pennsylvania, JLG is "at home" in Pennsylvania and thus subject to general jurisdiction there. Plaintiff does not attempt to argue that defendant is subject to general jurisdiction in Missouri.

"Specific jurisdiction is very different. In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Id.* (quoting *Daimler AG v. Bauman*, 134 S.Ct. 746,754 (2014)). Plaintiff alleges that defendant subjected itself to specific jurisdiction in Missouri because it designed, produced, and manufactured the lift and placed the lift into the stream of commerce in Missouri.

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). The Missouri Long-Arm Statute provides that jurisdiction extends to "any cause of action arising from" the "transaction of business within" or the "commission of a tortious act" within Missouri. § 506.500.1(1), (3) RSMo. The Missouri legislature's objective in enacting the statute "was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." *State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo. banc 1970). Thus, critical to the "analysis is whether the exercise of personal jurisdiction in this case comports with due process." *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000). The Constitution's Due Process Clause requires that there be "minimum contacts" between the nonresident defendant and the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial

3

justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (internal quotations omitted).

Plaintiffs do not address whether the defendant's conduct here satisfies the long-arm statute. Rather, plaintiffs only address whether JLG has the required minimum contacts with Missouri. Although the Eighth Circuit has admonished that the courts should analyze these questions separately, *Viasystems*, 646 F.3d at 593 n.2, it appears that the due process inquiry here is dispositive, *see, e.g.*, *id.*.

The Eight Circuit employs a five-factor test in determining whether personal jurisdiction exists, giving "significant weight" to the first three factors: (1) the nature and quality of defendant's contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *Romak USA, Inc.*, 384 F.3d at 984 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004)).

"The baseline for minimum contacts is some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Clune*, 233 F.3d at 542 (internal quotation omitted). Defendant's contact with Missouri must be such that it "should reasonable anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Plaintiffs assert that JLG has the required minimum contacts with Missouri because it targets Missouri for sale of its products, and advertises the availability of parts, services, products, and literature in Missouri. Plaintiffs argue

4

that JLG placed its lift into the "stream of commerce" in Missouri and that JLG maintains a distribution system within Missouri, allowing personal jurisdiction to attach. Indeed, "personal jurisdiction may be exercised consonant with due process over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Clune*, 233 F.3d at 542.

Plaintiffs assert that JLG provides sales and service locations in Missouri. Here, however, the parties agree that the lift in question was actually sold to a company in Kansas. The lift was then transferred to Missouri. Despite the fact that JLG's involvement with the lift in this case ended in Kansas, the plaintiffs argue that because JLG maintains a Missouri sales and service distribution system, that JLG is thus subject to personal jurisdiction in Missouri. Plaintiffs' argument miss the distinction between specific jurisdiction --- which requires the contacts to have a connection to the events of the case --- and general jurisdiction, which does not. *See, e.g.*, *Dyson v. Bayer Corp.*, 4:17CV2584 SNLJ, 2018 WL 534375, at *5 (E.D. Mo. Jan. 24, 2018) (relying on *BMS*, 137 S.Ct. at 1781, and noting that nonresident defendant's activities in the forum state that were unrelated to the plaintiffs' claims "would serve more properly as evidence of general personal jurisdiction"). The presence of a distribution network in Missouri for JLG lifts unrelated to the lift at issue in this litigation is not relevant to this Court's specific jurisdiction inquiry. The fact that such a network exists did not result in the subject lift's presence in Missouri. *See id.*

This case is distinguishable from *Clune*, on which plaintiffs rely, because in that case the allegedly defective lift was sold by a Swedish corporation through its distributor

5

who sold the lift to a company in Missouri. 233 F.3d at 543. Here, defendant JLG's involvement ended in Kansas, and a third party went on to sell the lift in Missouri. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp.*, 471 U.S. at 475 (internal quotations omitted).

Likewise, the fact that JLG was subject to personal jurisdiction in Missouri in a different lawsuit involving wholly different facts does not mean that personal jurisdiction attaches for this lawsuit.

The Court lacks personal jurisdiction over defendant JLG, and the matter will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#28) is **GRANTED**.

Dated this 19th day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE